# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MONIQUE PARKER,

    Plaintiff

v.

ALBERTSON'S LLC,

    Defendant

Case No.: 2:26-cv-00739-APG-DJA

**Order Granting Motion to Remand**

[ECF No. 7]

Defendant Albertson's LLC removed this case from state court based on diversity jurisdiction. ECF No. 1.  Under 28 U.S.C. § 1446(b)(1), a defendant must file the notice of removal within 30 days after the defendant received "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  If "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Albertson's was served on December 29, 2025. ECF Nos. 1 at 2; 1-4 at 2.  But Albertson's did not remove the case until more than 30 days later, on March 12, 2026. ECF No. 1.  Albertson's asserted it timely removed within 30 days of receiving the plaintiff's request for exemption from arbitration, which, according to Albertson's, was the first paper by which it could ascertain the case was removable based on the amount in controversy. ECF No. 1 at 4.

Plaintiff Monique Parker moves to remand, arguing that Albertson's did not timely remove.  Parker asserts that the complaint alleged $15,725.78 in past medical special damages, future medical special damages of $47, 452, and general damages of at least $15,000, so

Albertson's should have known from the outset that the case was removable. Parker argues that the complaint and the request for exemption from arbitration contain almost the same dollar amounts, so Albertson's either knew from the start that the case was removable, or the amount in controversy requirement still is not met. Either way, Parker asserts remand is appropriate.

Albertson's responds that although the complaint listed specific damages numbers, the prayer for relief sought general damages in excess of $15,000 and special damages in excess of $15,000, "leaving a question as to whether the amount in controversy exceeded $75,000." ECF No. 8. Albertson's asserts that it was not until Parker filed the request for exemption from arbitration that it could first ascertain she was seeking $64,704.78 in special damages along with the need for future treatment.

Albertson's removal was untimely. The complaint alleged $15,725.78 in past special damages and $47,542 in estimated future care. ECF No. 1-3 at 4. It also alleged unspecified loss of earning capacity, lost wages, and mental anguish, and that these "damages are ongoing." *Id.* Albertson's could have first ascertained the amount in controversy exceeded $75,000 from these allegations where the past and future medical special damages amounted to $63,267.78 coupled with allegations of past and future mental distress, loss of earning capacity, lost wages, and a request for general and special damages each in excess of $15,000.

Albertson's relies on the complaint's prayer for relief that stated that Parker sought general damages in excess of $15,000 and special damages in excess of $15,000 to assert that the amount Parker was requesting was vague. *Id.* at 6. But the cases Albertson's relies on do not support its theory that the vague allegations in the prayer for relief somehow obscured the specific damages allegations. In both cases Albertson's cites, the court noted that a complaint's prayer for relief that asserts damages in excess of $15,000 each for general and special damages

2

supports an amount in controversy that exceeds only $30,000, such that it was not clear the case was removable on the face of the complaint.  But in both cases, the court also stated that the complaints in those cases did "not provide specific, factual allegations showing how the case in controversy exceeds" the jurisdictional amount. *Nader v. Walmart Inc.*, No. 2:23-CV-01535-GMN-EJY, 2024 WL 2831433, at *2 (D. Nev. Mar. 1, 2024); *Burris v. Albertson's LLC*, No. 2:24-CV-01651-CDS-MDC, 2025 WL 2506140, at *3 (D. Nev. Sept. 2, 2025) ("While the prayer for relief supports an amount in controversy exceeding $30,000, Burris does not plead specific, factual allegations showing how the amount in controversy exceeds $75,000.").  Here, Parker's complaint contains specific factual allegations from which Albertson's could ascertain that the jurisdictional amount was satisfied.

Albertson's contends it first ascertained the amount in controversy from the request for exemption from arbitration, but that document contains nearly identical numbers as the complaint. ECF No. 1-6 at (increasing the estimated cost of future treatment by $1,500).  And in its opposition to Parker's motion to remand, Albertson's states that although the request for exemption from arbitration "was silent as to claimed general damages, . . . it is reasonable to believe that Plaintiff will seek general damages sufficient to reach the $75,000 jurisdictional threshold even if there are no additional future medical specials." ECF No. 8 at 5.  It is unclear why Albertson's could not make that same evaluation when looking at the face of the complaint that did mention general damages in excess of $15,000.

In sum, the case was removable from the face of the complaint, so Albertson's removal more than 30 days later was untimely.  Consequently, I grant Parker's motion to remand.

I THEREFORE ORDER that plaintiff Monique Parker's motion to remand (ECF No. 7) is GRANTED.  This case is remanded to the court from which it was removed for all further proceedings.  The clerk of court is instructed to close this case.

DATED this 7th day of April, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

4