**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MONIQUE PARKER, | Case No.: 2:26-cv-00739-APG-NJK |
| Plaintiff | **Order Granting Motion for Attorney Fees** |
| v. | [ECF No. 14] |
| ALBERTSON'S LLC, | |
| Defendant | |

Albertson's LLC removed this case from state court. I granted Monique Parker's motion to remand. ECF No. 13. Parker now moves for an award of her attorney fees incurred in connection with that improper removal. ECF No. 14.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

Albertson's had no objectively reasonable basis for removal. The face of the complaint stated that medical damages exceeded $63,000. Albertson's ignored that and focused solely on the complaint's demands for amounts "in excess of $15,000." Albertson's should have known at the time it received the complaint that the case was removable. Because it failed to timely remove, I remanded the case. I therefore award Parker the reasonable fees she incurred in connection with Albertson's removal.

Parker requests an award of $4,400, based on 11 hours worked by her counsel at $400 per hour. "[T]he usual approach to evaluating the reasonableness of an attorney fee award requires

application of the lodestar method and *Kerr*[1] factors." *Resurrection Bay Conservation All. v. City of Seward, Alaska*, 640 F.3d 1087, 1095 (9th Cir. 2011) (citing.  The lodestar method calculates a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The 11 hours counsel worked were appropriate for the tasks and the $400 hourly rate is reasonable in this jurisdiction.

Next, I decide whether to adjust the lodestar calculation based on an evaluation of the *Kerr* factors, which are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70.[2]

Factors one through five are subsumed in the lodestar calculation. *See Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996).  Additionally, the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation. *See Davis v. City &*

---

[1] *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975).

[2] These factors are similar to those listed by the Supreme Court of Nevada in *Brunzell v. Golden Gate Nat'l Bank*, 455 P.2d 31, 33 (Nev. 1969), which I also have considered:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived.

*Cnty. of S.F.*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993).  Once calculated, the lodestar is presumptively reasonable. *See Pa. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987).  Only in "rare and exceptional cases" should a court adjust the lodestar figure. *Van Gerwen v. Guar. Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotations omitted). *See also Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 n. 4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

Parker's lawyer is well-qualified to handle this case.  The legal issues were not novel or difficult.  Parker prevailed on the motion and received the remand order she sought.  As I held above, the work performed and the hourly rate charged were appropriate in this case.

I THEREFORE ORDER that Parker's motion for attorney fees **(ECF No. 14) is GRANTED**.  The clerk of court is directed to enter judgment in favor of Monique Parker and against Albertson's LLC in the amount of $4,400.00

DATED this 2nd day of July, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE